IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


NOAH STEFFY                                                          PLAINTIFF

v.                                    Civil No. 2:21-CV-02072

SEBASTIAN COUNTY PROSECUTING                          DEFENDANTS
ATTORNEY, SARAH LNU (Deputy
Prosecuting Attorney), FNU MEYERS
(Deputy Prosecuting Attorney), ALECIA
SCARARDO (Sebastian County Greenwood
Arkansas Courthouse), JOHN DOE
(Sebastian County Prosecuting Attorney's
Office), JANE DOE (Sebastian County
Prosecuting Attorney's Office)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of pursuant to

28 U.S.C. § 1915A.[1]  Under § 1915A, the Court has the obligation to screen any complaint in

which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).

### I.    BACKGROUND

Plaintiff filed his Complaint on March 26, 2021.  (ECF No. 1).  He alleges that the

Defendants violated his constitutional rights on or about March 10, 2021, when they conspired to

effectively deny him bail "as part of a vendetta" on the part of their co-worker, Defendant Scarardo.

(*Id*. at 4).  He alleges Defendants presumed him to be dangerous, "disallowing individual inquiry,"

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

and assessed him a $10,000 cash bond, which was "100 times the normal, maximum" for the offense of Class A misdemeanor harassment. (*Id*. at 5). Plaintiff proceeds against Defendants in both their official and personal capacity. (*Id*. at 4). He seeks compensatory and punitive damages, and an order that he be assessed a reasonable bail. (*Id*. at 8).

## II.    LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

Plaintiff's claims against all prosecutors and deputy prosecutors must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."

2

*Id*. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id*. at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).  Any involvement a prosecutor or deputy prosecutor had with the issue of Plaintiff's bail amount are actions that were taken in connection with his or her duties as a prosecuting attorney.  Accordingly, the prosecutors and deputy prosecutors named by Plaintiff are entitled to absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

Plaintiff identifies Defendant Scarardo only as a Sebastian County employee who works at the Greenwood Courthouse.  (ECF No. 1 at 3).  Because Plaintiff's Complaint alleges she was involved with his bail amount in some way, the Court will infer that Defendant Scarardo is a court clerk.[2]  "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction."  *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992) (internal quotations marks and citation omitted).  "For court clerks, absolute immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules."  *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 928 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 1071 (2021).  *See Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (court clerks absolutely immune from actions for damages for charging excessive bail - action required under court order or at a judge's discretion); *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts

---

[2] Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must provide a short and plain statement of Plaintiff's claim.  If Defendant Scarado is not a court clerk, then Plaintiff has failed to allege sufficient facts as to either her identity or her role in the bail process.  As such, he failed to allege sufficient facts to state a claim.  *See Martin*, 780 F.2d at 1337 (Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.).

by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity). A judge determines the amount of bail. The filing of the bail document is done at the direction of the judge and is an integral part of the judicial process. Accordingly, Defendant Scarardo is entitled to absolute immunity, and Plaintiff's claims against her must be dismissed.

## IV.    CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of September 2021.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE